UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,  :
United States Department of Labor,
                                     :   Civil Action
            Plaintiff,
                                     :   File No. 08-CV-01731-ERK-SMG
      v.                             :

Rainbow Paper Sales, Inc.
d/b/a Paperific
and Solomon Z Friedlander, an Individual
            Defendants.

------------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 01 2008 ★
BROOKLYN OFFICE

## CONSENT JUDGMENT

Plaintiff, the Secretary, has filed her Complaint and defendants appeared by counsel, and an agreement was reached by all the parties to resolve all the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Judgment, and it is therefore upon motion of the attorneys for the Secretary and for good cause shown:

1. ORDERED that defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest are permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), in any manner, specifically including:

(1)    Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

1

(2)   Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act; and it is further

(5) In the future, should the U. S. Department of Labor determine that the defendants have violated the provisions of the Act, written notice of such determination shall be sent to defendants' counsel and to defendants with an opportunity to cure the violation within 10 days prior to initiating an action in Federal Court; and it is further

2

II. ORDERED that the defendants are enjoined from withholding the payment of back wage compensation due their employees listed in Exhibit A. in the total gross amount of $93,896.71; and it is further

III. ORDERED that Payment of the gross sum, less legal deductions, shall be made in one lump sum payment on or before March 31, 2008. Defendants shall make payment by delivering (1) certified check or bank check or money order to:

> U.S. Department of Labor
> Wage & Hour Division, RO
> The Curtis Center, Suite 850W
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3317
> Attn: Deborah Savage, Wage Hour Specialist

IV. It is further ORDERED that a copy of the certified check and cover letter shall be simultaneously sent to Douglas Weiner, Esq., U.S. Department of Labor, Office of the Regional Solicitor, 201 Varick Street, Room 983, New York, New York 10014 and to Maria L. Rosado, Assistant District Director, U.S. Department of Labor, Wage and Hour Division, 625 Fulton Street, 7th Floor, Brooklyn, New York 11201.

The Secretary shall distribute the defendants' payments to the employees and former employees, or to their estates, in accord with the findings of the investigation. Defendants shall provide to plaintiff the social security number and last known address of each employee or former employee listed in Exhibits A of this Judgment.

Any sums not distributed to the employees or former employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States; and it is further

V. ORDERED that neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment; and it is further

VI. ORDERED that if the defendants fail to make payment as set forth above, then the Court shall appoint John Braslow, Esq. as a Receiver. If John Braslow, Esq. is unavailable or declines to act

as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

VII. ORDERED that defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

VIII. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

IX. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

X. ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

XI. ORDERED that the defendants shall advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, including the payment of minimum and overtime wages and the rights of employees to engage in activity protected by the Act without fear of retaliation. This advice to employees shall take place within 30 days of the entry of this Judgment on a workday; and it is further

XII. ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

XIII. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibits A to file any action against defendants under Section 16(b) of the Act for any violations alleged to have occurred after August 9, 2007; and it is further

XIV. ORDERED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding. This Consent Judgment shall not in any way be construed as an admission by the Defendants it has (1) acted wrongfully with respect to any current or former employee of Rainbow Paper Sales, Inc. or (2) that any current or former employee of Rainbow Paper Sales, Inc. has any rights whatsoever against Rainbow Paper Sales, Inc. and/or Defendants and Defendants specifically disclaim any liability for any alleged or actual wrongful acts against any current or former employee or any other person, on the part pf themselves, Rainbow Paper Sales, Inc. and its employees or its agents. It is further understood, acknowledged and agreed Defendants have entered into this instant Consent Judgment solely in an effort to avoid the further expenditure of attorney fees, costs, and expenses.

SO ORDERED:

s/Edward R. Korman
HONORABLE EDWARD R. KORMAN
UNITED STATES DISTRICT JUDGE

DATED: 4/11/08
New York, New York

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

By: _____
Solomon Z. Friedlander, Individually

Douglas Weiner
Senior Trial Attorney
United States Department of Labor

Exhibit A

# Summary of Unpaid Wages

## U.S. Department of Labor
Employment Standards Administration

Wage and Hour Division



| (Office Address) | New York City District Office<br>26 Federal Plaza<br>Suite 3700<br>New York, NY 10278-0190<br>212-264-8185 | Investigator:<br>**Susan Rivera** | | Date:<br>**02/01/2008** |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number **11-2579534** | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| 1. Bello, Jesus Gonzales | | 03/10/2007 to 06/30/2007 | 1 | $1,016.48 |
| 2. Cristobal, Jesus Santos | | 10/14/2006 to 07/14/2007 | 1 | $2,275.00 |
| 3. Cruz, Pena, Heriberto | | 07/16/2005 to 07/14/2007 | 1 | $4,636.10 |
| 4. Escamillo, Julian | | 07/29/2006 to 09/09/2006 | 1 | $250.60 |
| 5. Garcia, Ferrer, Manuel | | 07/16/2005 to 07/14/2007 | 1 | $5,512.50 |
| 6. Gobea, Ausencio | | 06/03/2006 to 07/07/2007 | 1 | $3,150.00 |
| 7. Gonzales, Hector Jose | | 07/14/2007 to 07/14/2007 | 1 | $1,228.76 |
| 8. Kempi, Rafael | | 07/23/2005 to 04/29/2006 | 1 | $1,566.25 |
| 9. Lopez, Jacobo | | 07/15/2006 to 07/14/2007 | 1 | $2,172.80 |
| 10. Mendoza, Froylan | | 07/15/2006 to 07/14/2007 | 1 | $2,240.00 |
| 11. Nava Rodriguez, Israel | | 07/16/2005 to 07/14/2007 | 1 | $5,180.00 |
| 12. Ramirez, Anibal Filmonen | | 07/16/2005 to 12/30/2006 | 1 | $438.55 |
| 13. Romero, Ignacio | | 07/16/2005 to 06/09/2007 | 1 | $2,380.70 |
| 14. Tapia, Victor | | 07/16/2005 to 05/06/2006 | 1 | $3,069.85 |
| 15. Tepehua, Amodo Ramirez | | 07/16/2005 to 05/06/2006 | 1 | $3,069.85 |

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by<br>03/15/2010<br>Signed: _____ | Employer Name and Address:<br>*Paperific #1*<br>*Rainbow Paper Sales, Inc.*<br>*1465 38th Street*<br><br>*Brooklyn, NY 11219* | TOTAL | $38,187.44 |
|---|---|---|---|
| | | * Column 4-Code<br>FLSA 1<br>PCA 2<br>SCA 3<br>DBRA 4<br>CWHSSA 5<br>CCPA 6<br>FMLA 7 | |

Form WH-56

Date: 02/01/2008 3:14:05 PM   Case ID: 1476297   Page 1

# Summary of Unpaid Wages

## U.S. Department of Labor
Employment Standards Administration

Wage and Hour Division



| (Office Address) | Investigator: | | Date: |
|---|---|---|---|
| New York City District Office<br>26 Federal Plaza<br>Suite 3700<br>New York, NY 10278-0190<br>212-264-8185 | **Susan Rivera** | | **02/01/2008** |
| | Employer Fed Tax ID Number | | **11-2579534** |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| 1. *Acatifla, Abel* | | 10/15/2005 to 07/14/2007 | *1* | *$6,285.30* |
| 2. *Aguilar, Francisco Espiritu* | | 07/16/2005 to 07/14/2007 | *1* | *$6,099.16* |
| 3. *Cadena, Margarito* | | 07/16/2005 to 05/06/2006 | *1* | *$3,821.65* |
| 4. *Flores, Ruben* | | 07/16/2005 to 10/14/2006 | *1* | *$3,257.80* |
| 5. *Garcia, Antonio* | | 07/16/2005 to 07/14/2007 | *1* | *$5,926.96* |
| 6. *Gonzalez, Juan Carlos* | | 07/16/2005 to 05/06/2006 | *1* | *$3,821.65* |
| 7. *Jimenez, Feliz* | | 07/16/2005 to 05/06/2006 | *1* | *$3,821.65* |
| 8. *Mendez, Gregorio* | | 07/16/2005 to 12/16/2006 | *1* | *$4,009.60* |
| 9. *Montes, Miguel* | | 07/16/2005 to 07/14/2007 | *1* | *$5,740.00* |
| 10. *Montes, Oscar* | | 07/16/2005 to 07/14/2007 | *1* | *$5,740.00* |
| 11. *Perez, Carlos* | | 07/22/2006 to 07/14/2007 | *1* | *$2,800.00* |
| 12. *Perez, Mauro* | | 02/11/2006 to 07/14/2007 | *1* | *$3,383.10* |
| 13. *Rojas, Francisco* | | 07/16/2005 to 12/31/2005 | *1* | *$1,002.40* |

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by<br>03/15/2010<br><br>Signed: _____ | Employer Name and Address:<br><br>*Paperific #2*<br>*Rainbow Paper Sales, Inc.*<br>*1482 Coney Island Ave*<br><br>*Brooklyn, NY 11236* | TOTAL | $55,709.27 |
|---|---|---|---|

\* Column 4-Code
- FLSA   1
- PCA   2
- SCA   3
- DBRA   4
- CWHSSA   5
- CCPA   6
- FMLA   7

Form WH-56